IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK MATTHEWS, JR.,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) Case No.  09-cv-234-DRH-PMF |
| **LISA J. HOLLINGSWORTH,** | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is Frank Matthews, Jr. and his § 2241 petition for a writ of habeas corpus (Doc. No. 1).  Matthews is currently confined at the federal penitentiary in Marion, Illinois.  He challenges the Bureau of Prison's calculation of his 180 month federal prison term, claiming that he should have received credit for approximately 13 months served in pretrial custody between March 15, 1999, and April 10, 2000.

**I.    Background**

In March, 1998, Matthews was sentenced to an eight-year term of confinement in Davidson County, Tennessee, for aggravated robbery.  The state court of Tennessee suspended the term of imprisonment and placed Petitioner on probation for a period of seven years.  While on supervision, Matthews was arrested for evading arrest, aggravated burglary, aggravated assault, felon in possession of a weapon, and resisting arrest.  This arrest also resulted in the instant federal offense pursuant to 18 U.S.C. § 924(e).

On October 16, 1998, the state of Tennessee revoked the Petitioner's probation supervision and sentenced him to eight years' imprisonment.  On March 15, 1999, an arrest warrant was

executed for the federal offense of felon in possession of a firearm with an enhanced penalty of at least 15 years. The U.S. District Court essentially *borrowed* custody from the state of Tennessee by issuing an Order to Produce, and Petitioner was transferred to federal custody for his initial appearance. He was returned to the state that same day. On February 29, 2000, the U.S. District Court issued another Order to Produce and directed the Petitioner be transferred to federal custody on April 2000, for sentencing. The Order further directed that Petitioner be returned to the custody of state authorities upon conclusion of the federal proceedings.

On April 10, 2000, the U.S. District Court sentenced Matthews to 180-months imprisonment to run concurrently with his "current TDOC [state] term of imprisonment." ( *See* Kelly Declaration ¶ 7, Att. No. 1 to Doc. No. 12). After sentencing, Petitioner was returned to the Tennessee state authorities where, on July 21, 2004, he completed his state sentence. Petitioner was then released to the U.S. Marshals Service.

The Bureau of Prisons has computed Matthews' sentence using a commencement date of April 10, 2000, the date of his sentencing. He received a credit of 42 days for his detention from September 4, 1998 through October 15, 1998, the day before his state sentence started to run. With Petitioner's 180-month sentence, 42 days previous custody credit, and 682 days of projected good conduct time, his projected release date is April 15, 2013.

Matthews believes he is entitled to additional credit towards his federal sentence as a result of the time he spent in federal custody from March 15, 1999, to April 10, 2000. During this time, although in federal custody off and on, his detention was being credited toward his state sentence of eight years. Matthews, despite his previous arguments concerning the date of February 24, 1999, in his prayer for relief states that his prison sentence should have started on March 15, 1999 rather

than April 10, 2000.  Respondent argues that Matthews has received all pre-sentence credit that he is due.  The Bureau of Prisons did not award credit for the period of March 15, 1999, to April 10, 2000, because Matthews received credit for that time towards his service of his 8-year state sentence.  It is generally the policy of the Bureau of Prisons not to permit an award of double credit.  Program Statement 5880.28.

## II.     Applicable Law

Matthews may obtain habeas corpus relief under 28 U.S.C. § 2241(b)(3) if he is being held in federal custody in violation of the Constitution or laws of the United States.  Awards of credit for time spent in custody are governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of Sentence. –A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b)  Credit for prior custody. –A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>> (1) as a result of the offence for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  The last clause of that statute has been interpreted as prohibiting awards of double credit.  *See United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000).  That is, when time in custody is counted against one sentence, it may not be counted a second time against another sentence.

The Bureau of Prisons is prohibited by § 3585(b) from giving credit for prior custody that already has "been credited against another sentence." If a prisoner's federal and state sentences are concurrent, and that federal sentence is to run longer than the state sentence (not counting any credits), "Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non federal." *Grigsby v. Bledsoe,* 223 Fed. Appx. 486, 488 (7th Cir. 2007) (quoting from the *Sentence Computation* Manual *of 1984,* Program Statement 5880.28(2)(c)); *see also Willis v. United States,* 438 F.2d 923 (5th Cir. 1971).

The *Grigsby* case is eerily similar to the Petitioner's instant case. Grigsby was arrested in California on a robbery charge and he was convicted in state court. *Grigsby,* 223 Fed. Appx. at 487. He was sentenced to nine years in state prison and one month later federal authorities took custody of Grigsby to answer a federal indictment. *Id.* He was sentenced to 200 months in prison on August 19, 1994 for his federal offense and was to serve it concurrent with his undischarged state sentence. *Id.* Grigsby was returned to state prison until he was paroled to federal officials to complete the remainder of his federal sentence. *Id.*

Grigsby filed his § 2241 petition claiming that he should have received credit against his federal sentence for the period between his California arrest on March 28, 1993, and his sentencing in federal court on August 19, 1994. *Id.* The magistrate judge for the southern district of Illinois found part of his petition moot, the part asking for credits that had been already given by the federal court's sentence. *Id.* As to the period between Grigsby's state sentencing and his federal sentencing (August 13, 1993, to August 19, 1994), the magistrate judge, citing 18 U.S.C. § 3585(b), refused to credit this period against Grigsby's federal sentence because the California Department of

Corrections already credited the time against his state sentence. *Grigsby,* 223 Fed. Appx. at 487. The district court judge adopted the magistrate's findings and it was affirmed by the Seventh Circuit Court of Appeals. *Id.* at 487, 489.

The Seventh Circuit held that the period of time for which Grigsby sought credit was not time spent in non-federal *presentence* custody. *Id.* at 489. Further holding, because the time period in question all arose after Grigsby's state sentencing, and since he obtained credit for this period from the state, he is not entitled to the same benefit from the Bureau of Prisons merely because his subsequent federal sentence was ordered to run concurrently. *Id*.

### III.   Analysis

Here, Matthews, in both his original petition and in his traverse response, seeks credit for time he spent while serving his state sentence because he was also in and out of federal custody at that time; and because his subsequent federal sentence was ordered to run concurrently with his state sentence. Matthews' arguments and objections in his filings are based upon § 3585(b). Petitioner correctly states that non-federal time served can be counted as presentence credit. Yet, § 3585(b) is also limited by its last sentence which states that credit shall be given if "[it] has not been credited against another sentence." 18 U.S.C. § 3585(b). Matthews fails to address this final sentence in both his petition and in his traverse response before this Court. As a result, this Court will interpret the plain language of the statute according to the established case law cited herein.

The 42 days from September 4, 1998, through October 15, 1998, spent detained *prior* to the commencement of Matthews' state sentence was properly credited to his 180-month sentence. Once the state sentence began accruing credit towards Matthews' incarceration, the Bureau of Prisons properly denied crediting Petitioner's federal sentence for the same time. Neither the subsequent

order that his federal and non-federal sentences run concurrently, nor the fact that Matthews was temporarily detained by federal authorities during his state sentence transform his time spent in state prison into *presentence* non-federal time for purposes of 18 U.S.C. § 3585(b). Section 3585(b) must be read as a whole and the final sentence of the statute cannot be omitted by this Court to favor a Petitioner's position and reinserted when it does not. Mr. Matthews has failed to incorporate any argument that would justify doing so in his case.

### IV.    Conclusion

In sum, the materials submitted demonstrate that Matthews is not being held in custody in violation of the Constitution or federal law. He is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. IT IS RECOMMENDED that the petition (Doc. Nos. 1) be DENIED and this habeas litigation be DISMISSED.

**DATED:    July 12, 2010    .**

                                       **S/ Philip M. Frazier**
                                       **PHILIP M. FRAZIER**
                                       **United States Magistrate Judge**