IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FRANK MATTHEWS, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 09-cv-234-DRH |
| | ) | |
| LISA J. HOLLINGSWORTH, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

**HERNDON, Chief Judge:**

**Introduction & Background**

Pending is petitioner Frank Matthews's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), and petitioner's two motions for status report (Docs. 19 & 20). For the following reasons, the petition for writ of habeas corpus is DENIED. The motions for status report are DENIED as moot.

Petitioner is a prisoner confined at USP-Marion and challenges the Bureau of Prison's calculation of his 180 month federal prison term, claiming he should have received credit for approximately thirteen months served in pretrial custody between March 15, 1999, and April 10, 2000.

Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Philip M. Frazier submitted a Report and Recommendation ("the Report") on July 12, 2010 (Doc. 13). The Report recommends that the Court deny petitioner's 28 U.S.C. § 2241

petition for writ of habeas corpus and dismiss his cause of action.  Specifically, Judge Frazier found the time of petitioner's detention between March 15, 1999 and April 10, 2000 was being credited toward a Tennessee state sentence, and that 18 U.S.C. § 3585 prohibits double credit.  In other words, because time from March 1999 to April 2000 was counted against a state sentence, it could not be counted a second time against petitioner's pending federal sentence.

Upon issuance, the R&R was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within fourteen days of service (Doc. 13-2).  Neither party initially filed timely objections, leading this Court to adopt the R&R and order the action dismissed (Doc. 14).  Upon petitioner's motion for reconsideration (Doc. 16), this Court re-opened the case upon determining petitioner may not have been properly served a copy of the R&R (Doc. 17).  Petitioner was given until September 14, 2010 to file his objections to the R&R(Doc. 17).  Thereafter, Petitioner timely filed his objections (Doc. 18).

Petitioner's objections basically re-state arguments he made in his Traverse Response (Doc. 12), indicating he disagrees with the magistrate's reasoning based upon the language in 18 U.S.C. § 3585(b) that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences."  As for the last words of § 3585(b), "that has not been credited against another sentence," petitioner merely states that "there is no double credit involved which is due to the fact that that 18 U.S.C. 924(e) or penalties are note listed anywhere among the alleged offenses

charged by the state" (Doc. 18 at p. 4). Petitioner further objects to the R&R's reference to Bureau of Prisons Program Statement and also makes an effort to distinguish case authority cited in the R&R.

Since timely objections have been filed, this Court must undertake *de novo* review of the Report.28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

Based on the pleadings and the applicable law, the Court adopts the Report.

## Facts

In March, 1998, petitioner Matthews was sentenced to an eight-year term of confinement in Davidson County, Tennessee, for aggravated robbery. The state court of Tennessee suspended the term of imprisonment and placed petitioner on probation for seven years. While under supervision, petitioner was arrested for evading arrest, aggravated burglary, aggravated assault, felon in possession of a weapon, and resisting arrest. This arrest also resulted in the instant federal offense pursuant to 18 U.S.C. § 924(e).

Tennessee revoked the Petitioner's probation supervision on October 16, 1998 and sentenced him to eight years imprisonment. An arrest warrant was executed on March 15, 1999, for the federal offense of felon in possession of a firearm with an enhanced penalty of at least 15 years. The U.S. District Court essentially took advantage of Matthews' custody with the state of Tennessee by issuing an order to produce, and petitioner was transferred to federal custody for his initial appearance. Petitioner was returned to the state the same day. On February 29, 2000, the U.S. District Court issued another order to produce, directing petitioner be transferred to federal custody for sentencing on April 10, 2000. The order further directed petitioner be returned to the custody of state authorities upon conclusion of the federal proceedings.

On April 10, 2000, the U.S. District Court sentenced petitioner to 180 months imprisonment to run concurrently with his "current TDOC [state] term of imprisonment." *See* Doc. 10-1 ¶ 7. After sentencing, petitioner was returned to the Tennessee state authorities where, on July 21, 2004, he completed his state sentence. Petitioner was then released to the U.S. Marshals Service.

The Bureau of Prisons has computed petitioner's sentence using a commencement date of April 10, 2000, the date of his sentencing. Petitioner received a credit of forty-two days for his detention from September 4, 1998 through October 15, 1998, the day before his state sentence started to run. With Petitioner's 180-month sentence, forty-two days previous custody credit, and 682 days of projected good conduct time, his projected release date is April 15, 2013.

Petitioner believes he is entitled to additional credit towards his federal sentence as a result of the time he spent in federal custody from March 15, 1999, to April 10, 2000. During this time, although in federal custody off and on, his detention was being credited toward his eight year state sentence. Petitioner, despite his previous arguments concerning the date of February 24, 1999, states that his prison sentence should have started on March 15, 1999 rather than April 10, 2000 in his Traverse Response (Doc. 12). Respondent argues that petitioner has received all pre-sentence credit that he is due. The Bureau of Prisons did not award credit for the period of March 15, 1999, to April 10, 2000, because petitioner received credit for that time towards his service of his eight year state sentence.

## **Law**

Petitioner may obtain habeas corpus relief under 28 U.S.C. § 2241(b)(3) if he is being held in federal custody in violation of the Constitution or laws of the United States. Awards of credit for time spent in custody are governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of Sentence. –A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody. –A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> > (1) as a result of the offence for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The last clause of that statute prohibits awards of double credit. *See United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000). Simply put, when time in custody is counted against one sentence, it may not be counted a second time against another sentence. This is an issue separate and apart from that associated with concurrent sentences.

The Bureau of Prisons is prohibited by § 3585(b) from giving credit for prior custody that already has "been credited against another sentence." If a prisoner's federal and state sentences are concurrent, and that federal sentence is to run longer than the state sentence (not counting any credits), "[p]rior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non federal." *Grigsby v. Bledsoe,* 223 Fed. App'x 486, 488 (7th Cir. 2007) (quoting the *Sentence Computation Manual of 1984,* Program Statement 5880.28(2)(c)); *see also Willis v. United States,* 438 F.2d 923 (5th Cir. 1971). This Court notes any reference to the Program Statement is not meant as reliance upon the Program Statement as law, but rather displays the Bureau of Prisons recognition and adoption of the provisions of § 3585(b).

The *Grigsby* case is analogous to petitioner's case. Grigsby was arrested in California on a robbery charge and convicted in state court. *Grigsby,* 223 Fed.

App'x at 487. Grigsby was sentenced to nine years in state prison, and one month later federal authorities took custody of him to answer a federal indictment. *Id.* He was sentenced to 200 months in prison on August 19, 1994 for his federal offense and was to serve it concurrent with his undischarged state sentence. *Id.* Grigsby was returned to state prison until he was paroled to federal officials to complete the remainder of his federal sentence. *Id.* Grigsby filed his § 2241 petition claiming that he should have received credit against his federal sentence for the period between his California arrest on March 28, 1993, and his sentencing in federal court on August 19, 1994.*Id.* The magistrate judge for the Southern District of Illinois found part of Grigsby's petition asking for credits that had been already given by the federal court's sentence moot. *Id.* As to the period between Grigsby's state sentencing and his federal sentencing, August 13, 1993, to August 19, 1994, the magistrate judge, citing 18 U.S.C. § 3585(b), refused to credit this period against Grigsby's federal sentence because the California Department of Corrections already credited the time against his state sentence. *Grigsby,* 223 Fed. App'x at 487. The district court judge adopted the magistrate's findings and it was affirmed by the Seventh Circuit Court of Appeals. *Id.* at 487, 489.The Seventh Circuit held that the period of time for which Grigsby sought credit was not time spent in non-federal presentencecustody.*Id.* at 489.Because the time period in question arose after Grigsby's state sentencing, and since he obtained credit for this period from the state, Grigsby was not entitled to the same

benefit from the Bureau of Prisons merely because his subsequent federal sentence was ordered to run concurrently. *Id*.

## **Analysis**

Petitioner, in his original petition, traverse response, and objection to the R&R, seeks credit for time spent while serving his state sentence because he was also in and out of federal custody at that time and because his subsequent federal sentence was ordered to run concurrently with his state sentence. Petitioner's arguments and objections in his filings are based upon 18 U.S.C. § 3585(b). Petitioner correctly states that non-federal time served can be counted as presentence credit. Yet, there is also important limiting language in the last sentence of that statute, which states that credit shall be given if "[it] has not been credited against another sentence." 18 U.S.C. § 3585(b). Petitioner effectively ignores this final sentence in both his petition and in his traverse response, but addresses it in his objections only to say there is no double credit because the state indictment did not list out the 18 U.S.C. § 924(e) penalties. That has nothing to do with the calculations of time served or the determination of double credit.

The forty-two days from September 4, 1998, through October 15, 1998, spent detained prior to the commencement of petitioner's state sentence was properly credited to his 180-month sentence. Once the state sentence began accruing credit towards petitioner's incarceration, the Bureau of Prisons properly refused to credit petitioner's federal sentence for the same time. Neither the subsequent order that his federal and non-federal sentences run concurrently,

nor the fact that petitioner was temporarily detained by federal authorities during his state sentence transform his time spent in state prison into presentencenon-federal time for purposes of § 3585(b). That section must be read as a whole and the final sentence of the statute cannot be omitted. Petitioner has failed to incorporate any sensible or coherent argument that would justify doing so in his case.

In sum, petitioner is not being held in custody in violation of the Constitution or federal law. He is not entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition for writ of habeas corpus (Doc. 1) is therefore DENIED. The motions for status report (Docs. 19 & 20) are DENIED as moot. The Clerk is DIRECTED to send a copy of this Order to petitioner, enter judgment against the petitioner, and to close this case.

**IT IS SO ORDERED.**

Signed this 27th day of June, 2011.

David R. Herndon
2011.06.27
05:51:06 -05'00'

**Chief Judge**
**United States District Court**